UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tim Mackey and John Nesse as
Trustees of the Minnesota Laborers
Health and Welfare Fund, Gary Reed and
John Nesse as Trustees of the Minnesota
Laborers Pension Fund, James Brady and
Martha Henrickson as Trustees of the
Minnesota Laborers Vacation Fund,
Gary Reed and John Bartz as Trustees of the
Construction Laborers' Education, Training,
and Apprenticeship Fund of Minnesota and
North Dakota, Dan Olson and Chris Born as
Trustees of the Minnesota Laborers
Employers Cooperation and Education Trust,
the Minnesota Laborers Health and Welfare
Fund, the Minnesota Laborers Pension Fund,
the Minnesota Laborers Vacation Fund, the
Construction Laborers' Education Training,
and Apprenticeship Fund of Minnesota and
North Dakota, and the Minnesota Laborers
Employers Cooperation and Education Trust,

Case No. 14-CV-922 (SRN/SER)

ORDER OF CONTEMPT

      Plaintiffs,

v.

Edde Construction, LLC,

      Defendant.

___

Carl S. Wosmek, Christy E. Lawrie, and Amy L. Court, McGrann, Shea, Carnival, Straughn & Lamb, Chtd., 800 Nicollet Mall, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs
___

SUSAN RICHARD NELSON, United States District Court Judge

Pending before the Court is Plaintiffs' Motion for an Order to Show Cause [Doc. No. 30]. This matter came before the Court for hearing on November 14, 2014. Plaintiffs appeared by counsel. Despite proper notice and service by mail on Defendant, Defendant did not appear. (Certificate of Service [Doc. No. 33].) For the reasons set forth herein, Plaintiffs' motion is granted in part and denied in part.

I.      BACKGROUND

Plaintiffs filed this suit on April 2, 2014 (Compl. [Doc. No. 1]), personally serving Defendant Edde Construction LLC ("Edde Construction") that same day. (Aff. of Service [Doc. No. 4].) Edde Construction did not file a response or Answer to the Complaint. The Clerk of Court entered default on April 24, 2014. (Entry of Default [Doc. No. 8].) Plaintiffs subsequently moved for default judgment and also sought injunctive relief, seeking to compel Defendant to produce its employment and payroll records for the period of April 1, 2013 through April 30, 2014 (the "Audit Period"). (Pls.' Mot. for Default J. & Injunction [Doc. No. 9].) This Court granted in part Plaintiffs' motion in its Order of July 21, 2014 with respect to injunctive relief and issued an injunction, requiring Defendant to produce the requested records.[1] (Order of 7/21/14 at 5-6 [Doc. No. 17].)

In August 2014, Plaintiffs filed the first Motion for an Order to Show Cause [Doc.

---

[1] The Court denied without prejudice the portion of Plaintiffs' motion seeking default judgment. (Order of 7/21/14 at 5-6 [Doc. No. 17].)

No. 19]. This Court denied the motion without prejudice because it appeared that Defendant's owner, Inguen Yu, was initially producing documents for Plaintiff's audit. (Order of 10/1/14 at 2 [Doc. No. 29].) The Court also ruled that Plaintiffs were free to refile their motion if Mr. Yu failed to produce the necessary documents. (Id. at 1.)

Plaintiffs now attest that the limited payroll information provided by Edde Construction is insufficient to permit Plaintiffs to complete the requested audit. (Aff. of Christy E. Lawrie ¶ 6 [Doc. No. 32].) Plaintiffs also contend that because Mr. Yu represents that he is the owner of Edde Construction, Plaintiffs reasonably believe that he maintains custody and control over the documents specified in this Court's orders. (Id. ¶ 9.) In addition, Plaintiffs assert that they have been unable to obtain the additional documentation from Edde Construction and that Edde Construction has not identified an inability to comply with the Court's July 21 Order. (Id. ¶¶ 7-8.) Plaintiffs request that Defendant be held in civil contempt for his failure to comply with the July 21, 2014 Order and that a bench warrant issue for his arrest.

## II.   DISCUSSION

The Supreme Court has held that courts may impose findings of civil contempt either to coerce a party into compliance with a court order or to compensate the complainant for losses sustained, or both. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947). Pertinent to this ERISA action, "[c]ourts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of

liability for unpaid fringe benefit contributions." Greater St. Louis Constr. Laborers Welfare Fund v. Town & Country Masonry and Tuckpointing, LLC, No. 4:14-CV-696-JAR, 2013 WL 5436645, at *1 (E.D. Mo. Sept. 27, 2013) (citations omitted). Sanctions in the form of monetary fines and/or the issuance of an arrest warrant for incarceration until the contempt is purged are potential consequences of a finding of civil contempt. Id.

A party moving for civil contempt bears the burden of proving, by clear and convincing evidence, that a court order was violated. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000) (citing Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998)). Once the moving party meets its burden, the burden shifts to the non-moving party to show an inability to comply with the order in question. Id.

Here, the Court finds that Defendant has failed to comply with this Court's July 21, 2014 Order, despite Plaintiffs' repeated efforts to obtain the requested documentation. (Lawrie Aff. ¶¶ 6-8 [Doc. No. 32].) The Court agrees with Plaintiffs that because Mr. Yu holds himself out as the owner of Edde Construction, he may be reasonably deemed to have custody and control over the requested information. Although Defendant received notice of the instant motion, Defendant failed to file a response and failed to appear at the hearing on Plaintiffs' Motion for an Order to Show Cause. The Court finds that Defendant has failed to demonstrate an inability to comply with the July 21, 2014 Order, and is accordingly found to be in civil contempt of court. See Chicago Truck Drivers, 207 F.3d at 505.

As noted, courts have the discretion to impose a sanction designed to bring about compliance with the order in question.  United Mine Workers, 330 U.S. at 303-04.  The Court notes that in another ERISA action in this District filed against Edde Construction and Mr. Yu personally, Yu has been arrested as a contempt sanction for failing to comply with an order of this Court.  Massey v. Edde Constr. LLC, No. 14-CV-100 (JRT/TNL), Order of Contempt [Doc. No. 32]; Order of 11/7/14 [Doc. No. 26].  Because proceedings in that action remain pending, the Court declines to issue an arrest warrant in this suit to effectuate a sanction of incarceration.  Instead, the Court awards sanctions against Defendant in the form of a $50,000 lump sum compliance fine, payable to Plaintiffs within 30 days unless the contempt is purged by Defendant's compliance with the July 21, 2014 Order.  In addition, Defendant shall pay the attorney's fees and costs incurred by Plaintiffs for bringing the instant motion.

**THEREFORE, IT IS HEREBY ORDERED THAT**

1.  Plaintiffs' Motion to Show Cause [Doc. No. 30] is **GRANTED in part** with respect to monetary sanctions and attorney's fees and costs, as set forth in this Order; and **DENIED in part** with respect to Plaintiffs' request for the sanction of incarceration;

2.  Defendant, having been found in civil contempt of court, is liable for a lump sum fine of $50,000, payable within 30 days unless the contempt is purged by Defendant's compliance with the July 21, 2014 Order.  This fine is

       payable to Plaintiffs. Plaintiffs' counsel shall notify the Court if and when Defendant produces its documents for inspection;

3. In support of an award of attorney's fees and costs, Plaintiffs' counsel shall file an affidavit of fees and costs related to the filing of the instant motion within 30 days; and

4. Plaintiffs shall effect service of this Order, along with the Order of July 21, 2014 [Doc. No. 17], on Defendant by the means deemed most effective, and shall promptly file a certificate of such service.

Dated:   November 17, 2014

                                         s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Court Judge